Nicholson, C. J.,
delivered the opinion of the Court.
John S. Alexander, A. J. Carloss and B. J. Chafin executed their note to the Lincoln Savings Bank for $1,729.60.
After its maturity, the Bank sued all the makers in the Lincoln Circuit Court, and recovered judgment except for a small sum of usury which was deducted. B. J. Chafin filed a plea, in which he alleged that the note was made by Alexander for the purpose of *500 being sold to raise money at an illegal rate of discount, and that plaintiff discounted it at the rate of 15 per cent, per annum, and that said 15 per cent, is included in said note, and that plaintiff had notice and full knowledge, when the same was discounted, that it was ■ made to be sold at a usurious rate of interest, whence defendant Chafin insists that the contract was illegal and void. Plaintiff demurred to this plea, and the demurrer was sustained. Defendant Chafin brings the case to this Court by writ of error.
The charter of the Lincoln Savings Bank authorizes the use of its money in discounting notes, buying and selling notes, stock, etc.
The rate of interest or discount at which a bank is authorized to use its money is not specified, nor is there any penalty declared for taking more than legal interest, nor any special prohibition against such illegal use of its money. It stands upon the general law which prohibits all pefsons or corporations from taking more than 6 per cent, for the use of the money. The fact that the note in question was made to be sold for the purpose of raising money, and that this fact was known to the bank, made the transaction illegal and usurious, inasmuch as the bank took at a discount of 15 per cent.
But the question arises, did this illegality taint the whole note, and render it entirely void, or did it only make it void as to the excess over six per cent? It is obvious that if this had been a transaction between two individuals, its illegality would only have affected it to the extent of the usury. It is diffi *501 -cult to see why a transaction between an individual and a bank should be governed by a different rule, unless there should be some prohibitory provision in its charter declaring such transaction void, of some penalty annexed to such illegal contract from which it might be implied that the Legislature intended to make the contract void. Such was the case in Wetmore v. Brien, 3 Head, 723, in which there was a prohibition against the free banks discounting or shaving notes at a greater discount than other banks were allowed, and making it a forfeiture of their banking privileges to violate this prohibition; besides declaring the persons so offending guilty of a misdemeanor. In that case one of the free banks had discounted a note at 15 per cent., and because of its violation of these prohibitions the Court held that the entire contract was void. But we have seen that there are no such prohibitory provisions in the charter of the Lincoln Savings Bank, and hence that the ease of Wetmore v. Brien is not applicable to the present case. But it is argued that there is nothing in the charter of the savings bank which authorizes it to lend money on any terms, much less to lend at usurious rates. It is true that the privilege of lending money is not given in express terms, but it is given in language of equivalent import. It is authorized to discount notes; to buy and sell notes, stock and uncurrent money; deal in exchange, gold and silver, bullion, etc. This is the language by which the privileges of banking have been given by the Legislature to the various banks which have been chartered. Although in strictness *502 -the term “discount of notes/’ originally meant the purchase of real transaction notes, as contradistinguished from mere accommodation notes, yet in practice the distinction has been too long disregarded, and has been too often ignored in our legislation, to be now made the ground of a judicial decision. The lending of money is one of the legitimate franchises of a bank, and it exercises this privilege when it discounts a note which it knows was made for the purpose of raising money. The bank lends its money and takes .the note of the borrower as security for its repayment. If the loan is made at a rate of interest or discount not exceedin per cent., the transaction is legitimate. If the note discounted, or the loan made at a greater rate than 6 per cent., the transaction is illegal and usurious, but it is not void as to the entire contract, but only as to the excess over legal interest.
We are therefore of the opinion that there was no error in the action of the Circuit Judge sustaining the ■demurrer, and we affirm the judgment.